IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CALVIN R. BROWN,<br><br>Defendant. | Case No. 3:09-CR-40072-NJR-1 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Compassionate Release and the Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) as Amended by the First Step Act of 2018 filed by Defendant Calvin R. Brown. (Docs. 84, 96). Brown, who is serving a 210-month sentence related to distribution of heroin and crack cocaine, asserts that his extraordinary rehabilitation, combined with a favorable change in the sentencing law, constitutes extraordinary and compelling reasons for reducing his sentence to time served. The Government opposes the motion. (Doc. 99). For the following reasons, the motion is denied.

### BACKGROUND

In May 2010, Brown pleaded guilty to Possession with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and Distribution of Heroin (Count 2) and Distribution of Crack Cocaine (Count 3), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Docs. 1, 20). The Court found Brown to be a career offender under

U.S.S.G. § 4B1.1 because, at the time of the offense, he had a prior felony conviction for a crime of violence and a felony drug offense. Specifically, the Government used Brown's 2004 Illinois conviction under 720 ILL. COMP. STAT. § 570/401 (c)(2) to establish that Brown had committed a prior felony drug offense and to enhance the statutory maximum sentence from 40 years to life on Count 1 and from 20 years to 30 years on Counts 2 and 3 pursuant to 21 U.S.C. § 851. (Doc. 18). Thus, his Guideline range was 292 to 365 months. In October 2010, the Court sentenced Brown to 292 months in prison followed by eight years of supervised release. (Doc. 38).

Brown later was resentenced to 210 months' imprisonment after the Supreme Court held that the Fair Sentencing Act of 2010's lower mandatory minimums for cocaine base offenses applied to the post-Act sentencing of pre-Act offenders. (*See* Docs. 71, 76, 78). To date, Brown has served approximately 140 months of his sentence. According to the Bureau of Prisons' website, Brown is scheduled to be released on January 28, 2025.[1]

## LEGAL STANDARD

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of

---

[1] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Nov. 18, 2021).

the defendant's facility, whichever is earlier. There is no dispute that Brown exhausted his administrative remedies; thus, his motion is properly before the Court.

After such a motion is filed, the Court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

Because the policy statement in the Sentencing Guidelines has not been updated since passage of the First Step Act to reflect that defendants may move for compassionate release on their own behalf, there is no "applicable" policy statement concerning the expanded compassionate-release provision. *United States v. Spates*, No. 10-30082, 2021 WL 1828110, at *2 (C.D. Ill. May 7, 2021) (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). "The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner who is outside the scope of § 3582(c)(1)(A)(ii)." *Gunn*, 980 F.3d at 1180.

## DISCUSSION

Through appointed counsel, Brown argues he has the extraordinary and compelling circumstances necessary for the Court to modify his term of imprisonment. Brown briefly references his asthma, which makes him more susceptible to a severe case of COVID-19, as well as his exemplary conduct during his incarceration. Brown devotes the majority of his brief, however, to arguing that a favorable change in sentencing law, when combined with these other factors, constitutes extraordinary and compelling

circumstances meriting a sentence reduction. Specifically, Brown argues that under *United States v. Ruth*, 720 ILL. COMP. STAT. § 570/401(c)(2) is categorically overbroad and can no longer serve as a predicate "felony drug offense" to enhance a sentence under 21 U.S.C § 851. *See United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). Had this provision been in place when Brown was sentenced, he argues, he would not have been subjected to an enhanced sentence and his actual sentence would have been proportionately lowered.

The Government argues that there is no evidence from the BOP that Brown suffers from asthma, and, even if he does, Brown refused to take the Pfizer COVID-19 vaccine when offered to him in April 2021. The Government also asserts that a change in sentencing law cannot be a basis for a sentence reduction under § 3582(c)(1)(A) as discussed in *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). In *Thacker*, the Seventh Circuit held that the district court's discretionary authority under § 3582(c)(1)(A) "cannot be used to effect a sentencing reduction at odds with Congress's express determination embodied in § 403(b) of the First Step Act that the amendment to § 924(c)'s sentencing structure apply only prospectively." *Thacker*, 4 F.4th at 574. The Court of Appeals further expressed its concern with inmates using § 3582(c)(1)(A) to request a sentence reduction "in the name of compassionate release on the basis that the *prescribed sentence is too long*, rests on a misguided view of the purposes of sentencing, reflects an outdated legislative choice by Congress, and the like." *Id.* (emphasis added). "Rationales along those lines cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law." *Id.*

Of course, the issue is slightly different here. Brown is not asking the Court to reduce his sentence based on a section of the First Step Act that applies prospectively only. Instead, he is asking the Court to reduce his sentence because the law has changed and, if he were sentenced today, he would no longer receive a statutorily enhanced sentence. That, he argues, is an extraordinary and compelling circumstance.

Indeed, the Seventh Circuit has acknowledged that a court may consider a change in career offender status when determining whether the sentenced imposed is sufficient but not greater than necessary under 18 U.S.C. § 3553(a). *United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020). And the Court has found several examples where other district courts have been persuaded by the argument Brown is making here. *See United States v. Spates*, No. 10-30082, 2021 WL 1828110, at *3 (C.D. Ill. May 7, 2021) (applying *Ruth* and reducing defendant's term from 240 months to 188 months); *United States v. Millbrook*, No. 06-40033, 2020 WL 7260929, at *3 (C.D. Ill. Dec. 10, 2020) (reducing defendant's sentence under the First Step Act because his prior Illinois drug convictions no longer served to enhance his sentence); *United States v. Harris*, No. 99-cr-30083, R.123 (C.D. Ill. Mar. 11, 2021) (reducing defendant's sentence because, under *Ruth*, defendant would face a 240-month statutory maximum instead of the 360-month term he had received); *United States v. Liscano*, No. 02 CR 719-16, 2021 WL 4413320, at *12 (N.D. Ill. Sept. 27, 2021) (applying the First Step Act and *Ruth* in finding defendant "whose predicate offenses included possessing a baggy of cocaine at the age of 18 and mere residue a few years later" did not deserve "the same life sentence as Joaquin 'El Chapo' Guzman").

Nevertheless, extraordinary and compelling circumstances are lacking in this case.

Without the § 851 enhancement, it is true Brown would have been subject to a 20-year maximum on Counts 2 and 3 rather than the 30-year maximum under which he was sentenced. On Count 1, however, he would have faced a 40-year maximum. Because he still qualified as a career offender under U.S. Sentencing Guidelines § 4B1.1(a), Brown's offense level would have been 32 after a two-point reduction for acceptance of responsibility, and his criminal history category would have remained at a VI. § 4B1.1(b). That results in a Guidelines range of 210 to 262 months' imprisonment. When Brown was resentenced under the Fair Sentencing Act, his revised Guidelines range also was 210 to 262 months, and Brown received a sentence at the low end of that range. In other words, Brown's ultimate sentence likely would be the same even if the § 851 enhancement had not applied.

Brown also points to the fact that he has been a model inmate during his incarceration, as well as his solid character, positive attitude, integrity, and strong family support. He also has completed numerous rehabilitative programs and maintains an excellent work record. (See Doc. 84). While the Court commends Brown for his efforts to better himself and encourages him to continue doing so, rehabilitation alone is not extraordinary or compelling. *See United States v. Gramigna*, No. 216CR20051SLDEIL2, 2021 WL 3476080, at *3 (C.D. Ill. Aug. 6, 2021); *United States v. Milton*, No. 2:15-CR-172, 2020 WL 6268806, at *3 (N.D. Ind. Oct. 26, 2020) ("Even an exemplary prison record does not justify release.").

The § 3553(a) factors also weigh against his release. As noted by the Government, prior to this case, Brown had been convicted of several felonies. At the time of sentencing,

Brown had pending charges for home invasion and possession of a controlled substance and obstructing justice in Jefferson County, Illinois. He also had prior arrests for: Disorderly Conduct; Attempted First Degree Murder, Aggravated Battery with a Firearm, and Aggravated Discharge of a Firearm; Assault; Unlawful Delivery of a Controlled Substance; and Unlawful Possession of Cannabis. (Doc. 35 at ¶¶ 51-56). Given his criminal history, the Court is unable to say that Brown would not be a danger to the safety of any other person or the community if he were released.

Because Brown has not established any extraordinary and compelling reasons warranting a reduction in his term of imprisonment, and because the Court is concerned Brown would be a danger to the community if he were released, his Motion for Compassionate Release and Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) as Amended by the First Step Act of 2018 (Docs. 84, 96) are **DENIED**.

**IT IS SO ORDERED.**

DATED:   November 18, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**